Peter Rajek, Administrator of Estate of Felix Janus, Deceased, Appellant, v. Walter J. Cummings et al., Receivers, Trading as Chicago Surface Lines, Appellees.

Gen. No. 41,862.

Heard in the second division of this court for the first district at the October term, 1941. Opinion filed May 14, 1942.

CARL F. OBRZUT and JULIUS H. SELINGER, both of Chicago, for appellant.

Frank L. Kriete, Charles E. Green and Arthur J. Donovan, all of Chicago, for appellees; John R. Guilliams, of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

Felix Janus was killed at 41st street and Kedzie avenue in Chicago while crossing the tracks in front of a southbound Kedzie avenue street car on the evening of July 9, 1938. His administrator brought suit against Guy A. Richardson et al., alleging negligence and specifying wilful and wanton conduct on the part of defendants (1) in increasing the speed of the car while deceased was crossing the intersection, (2) in operating the car at a speed in excess of 20 miles an hour, (3) in failing to stop the car at the intersection, and (4) in refusing to give deceased the right of way and to permit him to complete the crossing of the intersection. Walter J. Cummings et al. were later substituted as receivers for Chicago Surface Lines, and the court ordered the trial to proceed against them as defendants. At the close of plaintiff's case the jury was instructed to return a verdict finding defendants not guilty, and after overruling an oral motion for a new trial, the court entered judgment on the verdict, from which plaintiff appeals.

There is substantially no dispute as to the salient facts. The deceased was in his late forties, in good health, of sound vision and hearing, and familiar with the surroundings. Kedzie avenue, south of 39th street, is a straight level street about 42 feet wide, with car tracks running north and south, and not intersected on the west at any point between 39th and 42nd streets, where the Crane Company plant is located. This plant is surrounded by an iron fence, with a driveway leading into it at 41st street. At the entrance to this driveway there are two concrete posts about 14 feet high, with lights at the top which illu-

minate the grounds for a surrounding distance of about 20 feet and halfway across Kedzie avenue. There is no evidence that the plant was in operation on the evening of the accident or that there were any lights on the premises except those mounted on the two standards mentioned. On the east side of Kedzie avenue at 41st street there are vacant corner lots and several stores to the north of the intersection. The southernmost of these is a tavern 75 feet north of 41st street, which has a neon sign that throws light up to about 15 feet from the corner.

Deceased was seen walking south along the east side of Kedzie avenue at about 9:30 in the evening. At the northeast corner of 41st street, directly opposite the entrance to the Crane Company plant, he turned west and proceeded to cross the tracks. One of defendants' street cars, fully illuminated and making sufficient noise to interrupt the conversation of two witnesses sitting in front of the tavern, was proceeding south at the usual speed of 20 to 22 miles an hour. There were no passengers waiting to board the car in front of the Crane plant and none alighted at that point. That deceased saw and heard the car approaching was indicated by the only eyewitness to the accident, one Chester Sutalski, who was standing on the front platform near the motorman. He testified that he first saw deceased when the car was at about 40th place, walking across the street toward the Crane Company lights. When he got to the middle of the northbound track he was facing the street car, put up his hand and proceeded to cross the southbound rails at approximately 3 miles an hour, without quickening his pace and without making any effort to escape being hit by the car which he undoubtedly saw. He was struck by the right front end. At the moment of the impact the motorman turned around and said to Sutalski, "Where did he come from? I didn't see him."

Although plaintiff alleged negligence, which would cast upon him the burden of proving that deceased was in the exercise of due care for his own safety, he sought to overcome this burden by contending that defendants were guilty of wilful and wanton conduct, predicated upon the failure of the motorman to see deceased as he was crossing the track, and his counsel argue that "these facts clearly and legitimately establish the defendants' utter inattention amounting to wilfulness and recklessness." In other words, the uncontroverted testimony having clearly established the fact that the motorman did not see deceased before the impact, plaintiff is driven to the position that the motorman's failure to see him crossing the street was the result of gross inattention amounting to wilfulness and recklessness. Plaintiff's counsel, while refusing to concede that deceased was not in the exercise of due care for his own safety, nevertheless predicate their case "on the theory that defendants' conduct was so grossly negligent in the operation of the street car that it amounted to willful and wanton conduct of their part," and the sole point in their brief is directed to the proposition that the proof of contributory negligence on the part of deceased, as shown by plaintiff's witnesses, does not constitute a defense to the suit. There are many cases in this State wherein the courts, under similar circumstances, have held that adults of ordinary prudence are or should be capable of judging whether there is a threat of danger from an approaching street car, and that a reasonably prudent person in the same circumstances, would in deference to his own personal safety forego his technical right to cross the street until it was reasonably safe to do so. *Russell v. Richardson,* 308 Ill. App. 11, and cases cited therein. The courts are likewise in accord in applying the rule of law relating to the attempt of persons to pass in front of a moving street car. In *Deming v. Chicago Rys. Co.,* 234 Ill. App. 642

(Abst.), the court said: "Where persons have been injured acting upon the expectation that a car would stop because it was signaled or was slowing down, it has been held under varying circumstances that it was negligence to act upon such assumption. [Citing numerous cases.]" From these decisions and the applicable facts, as to which there is no dispute, the court in the case at bar was justified in concluding that plaintiff had failed to assume the burden cast upon him of proving that deceased was in the exercise of due care for his own safety at and immediately preceding the time of the accident.

There remains only the question whether the failure of the motorman to see deceased amounted to such wilful and wanton conduct as to relieve plaintiff of the burden of proving that his intestate exercised due care. Obviously, since the motorman did not see deceased at any time before the collision, there was no necessity for slowing down or stopping the car at the intersection, since no passengers were taken on or discharged at that point. Moreover, 41st street does not intersect Kedzie avenue on the west and therefore the motorman was not obliged "to exercise a greater degree of care and watchfulness" at that point as he would have been at a street intersection or crossing. (*Heidenreich v. Bremner,* 260 Ill. 439.) Wilfulness imports knowledge of the facts, and without knowledge which gives rise to a duty, it cannot fairly be said that a failure to perform such duty is wilful and wanton, even though the want of knowledge may be due to inattention or negligence. The specific wilful and wanton conduct charged in the complaint, as set forth at the outset of this opinion as items (1) to (4) inclusive, does not include the failure of defendants' motorman to see deceased before he was struck, and in fact plaintiff's argument as to the wilfulness and wantonness of defendants is entirely unsupported by any allegation in the complaint specifically directed

to the failure of the motorman to see deceased while he was crossing the tracks.

The cases relied on by plaintiff in support of his position are not pertinent to the circumstances of the case at bar. Under the facts in *Perryman v. Chicago City Ry. Co.*, 242 Ill. 269, the court said if it had been reasonably apparent to the gripman that plaintiff intended to attempt to cross the tracks in front of the approaching car, his failure to stop, under allegations charging reckless, careless and negligent conduct, would have rendered defendant liable. Likewise, in. *Kelly v. Chicago City Ry. Co.*, 283 Ill. 640, the motorman had knowledge that plaintiff and others had stepped into the street for the purpose of taking the car and expected it to stop at that point, and his disregard of such knowledge, gathered while he was still some distance away, rendered defendant liable. Plaintiff cites no case wherein the courts have held that inattention or the failure to see a person about to cross the street, even though it may constitute negligence or carelessness, can be held to amount to wilfulness and recklessness, and we know of no such ruling.

In view of what has been said and because plaintiff failed to adduce any evidence from which the jury could have found that deceased was in the exercise of due care for his own safety, we think the court properly directed a verdict in favor of defendants. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and SULLIVAN, J., concur.