Addie Lawson, Appellant, v. Lyle R. Fisk and Clarence Hoklas, Appellees.

Gen. No. 41,807.

Heard in the third division of this court for the first district at the October term, 1941.

Opinion filed December 9, 1942.

RYAN, SINNOTT & MILLER, of Chicago, for appellant.

DELMAR J. HILL and CYRUS L. GARNETT, both of Chicago, for certain appellee.

RAWLINS & WRIGHT, EDWARD W. RAWLINS and JAMES F. WRIGHT, all of Chicago, for certain other appellee.

REHEARING OPINION.

MR. JUSTICE HEBEL delivered the opinion of the court.

In passing upon a rehearing that was allowed to the defendant Clarence Hoklas, one of the defendants in the above entitled cause and to which the plaintiff filed an answer, we will consider the questions as they are presented by the parties.

It has been suggested by this defendant that the legislature has seen fit to allow recovery for accidental injuries to a guest in an automobile only in case of injuries through wilful and wanton misconduct of the operator of the motor vehicle and that ordinary negligence on his part will not give rise to a cause of action to a guest.

In its opinion the court refers to a collision of defendant Hoklas' car and the defendant Fisk's car at the intersection of 50th street and Woodlawn avenue, Chicago, with the defendant Hoklas proceeding east on 50th street and defendant Fisk proceeding north on

Woodlawn avenue, Woodlawn avenue being a through street against 50th street; and the court remarks that as defendant Hoklas approached Woodlawn on 50th street, he saw a stop sign and stopped west of it, but that he was the only witness out of seven who said that Hoklas stopped before entering Woodlawn avenue here.

It is also suggested by the court in its opinion that Hoklas told the investigating officers at the scene of the accident that he, Hoklas, "must have stopped back too far," and later at the police station he told the same officers that he "did not stop at the through street." Shortly after the accident, Hoklas told the police officers who investigated the accident that he first observed the north bound car to Woodlawn avenue when it was 10 to 20 feet from his car, at which time his, Hoklas', car was about the center of the intersection. On the trial he testified that when the front of his car was at the west side of the west sidewalk of Woodlawn avenue he noticed the Fisk car 150 feet to the south. He admitted that he never mentioned to the police officers who interrogated him about the happening of the accident that he saw the Fisk car when it was 150 feet away. He further stated he did not remember seeing the Fisk car "until after he was sued." This suggestion that we have just offered was quoted by us in our opinion and from the facts as they are suggested it would seem that the facts related have a material bearing upon the question as to whether the defendant was, at the time of the accident, operating the car in a wilful and wanton manner. While the operator attempts to convince the court that he may have been guilty of negligence, still his evidence suggests, as repeated in this opinion, and would clearly indicate, that the manner of Hoklas' operating the car was a question for the jury to pass upon, and the very question that is important in the disposition of the case is whether such was the fact or not.

In discussing the guest case it would of course be necessary that we have in mind this provision of the statute which specifies that, ''No person riding in a motor vehicle as a guest without payment for such ride . . . .shall have a cause of action for damages against the driver . . . for injury . . . in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver . . . .''

While defendant's counsel concede that there is grossly irreconcilable statement constituting some seeming contradictions in testimony in the negligence field, still, as we have already indicated, the questions that were to be passed upon were for a jury. And, while it is true if there was not any evidence that would indicate that there was wilful and wanton conduct in the operation of the car the court may have some authority to pass upon that question, in this case the evidence, it would seem to this court, fully justifies the jury in finding that the defendant operated the automobile in a wilful and wanton manner at the time of the accident.

It has been called to our attention that in the opinion we have filed the court remarks that Hoklas stopped west of the stop sign. The court in its opinion said, ''he stated he fully realized it was a stop sign, that he stopped his automobile a few feet west of it. He is the only witness, as stated in the briefs, who testified that he obeyed the stop sign.'' So, in the suggestion of the remark of the court it is altogether different from that that was called to our attention by Hoklas upon this question. However, it is well to have in mind and counsel has briefly summarized a definition of wilful and wanton conduct, citing as authority therefor the case of *Clark v. Hasselquist*, 304 Ill. App. 41. In the opinion in that case the Appellate Court for the second district quoted a complete statement of

the rule as announced by our Supreme Court, as follows. In *Streeter v. Humrichouse*, 357 Ill. 234, the court said:

"To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness."

So when we come to consider the authority just quoted it is apparent from the facts as they are in this record that Hoklas stands convicted of wilful and wanton operation of his automobile, and therefore, in further consideration, Hoklas was conscious of his conduct and fully realized that there was a stop sign protecting Woodlawn avenue and that Woodlawn avenue was a through street; and it was obvious to him, as it would be to any motorist that disobedience of such stop sign and driving out across a through street without keeping a lookout for the approaching vehicles would "naturally and probably result in injury." Moreover, he manifested "an intentional disregard of a known duty necessary to the safety of another." It was his "known duty" to bring his car to a stop before passing that stop sign and not to drive on to and across that through street without doing so. This duty was imposed by the Uniform Act Regulating Traffic on Highways, and from the facts as they appear Hoklas "intentionally disregarded" it. The performance of this duty "was necessary to the safety" of the plaintiff. The statute was a safety measure, and it would appear from the injuries that the plaintiff has received

and sustained through Hoklas' disregard of that duty how necessary to her safety was the observance of the statutory duty imposed on Hoklas to obey the stop sign. Further, it was suggested by the plaintiff that there was "an entire absence of care on his part." He intentionally disobeyed the stop sign and after doing so he failed to maintain any lookout for vehicles approaching on Woodlawn avenue, so that he exercised absolutely no care whatsoever for the plaintiff's safety. His conduct in wilfully, intentionally and deliberately driving past the stop sign and crossing that through street with unchanging speed and in doing so without maintaining a lookout for approaching vehicles certainly exhibited conscious indifference and the consequences clearly make a case of constructive or legal wilfulness.

However, counsel for this defendant claim that their client's conduct amounted to mere negligence because he stated he thought he had time "to make the crossing" when he saw the southbound car, which he testified at that time was about 150 feet to the south. Hoklas could not possibly have thought he could clear the crossing ahead of the Fisk car when he saw it 150 feet away, because he did not see that car when it was 150 feet away. He did not see that car, as he told the police officer, and according to the statement he signed that morning, until it was 10 or 20 feet away, and therefore he testified on the trial "I didn't remember seeing that car 150 feet away until after I was sued."

It is well to consider the facts as they appear in this record. Defendant's whole theory is that he was not guilty of wilful and wanton conduct in the operating of the car. However, when we come to look at the facts it must be altogether different from what has been contended for. We would like to consider the facts as they are called to our attention in the quotation that has been offered but we believe that we have stated enough of the facts to make it evident that the jury did

pass upon the facts and they did reach the conclusion that the operation of that car by Hoklas was wilful and wanton. And it appears that the Supreme Court has divided wilful and wanton injury not intentionally inflicted into two categories, and we are suggesting this thought from the briefs that were filed in the case: Category 1, *viz.*, "failure after knowledge of impending danger to exercise ordinary care to avoid it" clearly describes his conduct. Hoklas had knowledge of the presence of the stop sign and that Woodlawn avenue was a through street. He knew that driving past that stop sign and across that through street without first bringing his car to a stop was fraught with danger to his passengers; yet he deliberately placed the plaintiff in danger by his unlawful act, and not only failed to exercise any care to slow down or stop or to maintain a lookout for approaching traffic. Category 2 as announced in *Brown v. Illinois Terminal Co.*, 319 Ill. 326, is "failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." This renders nugatory the statement in *Rajek v. Cummings*, 314 Ill. App. 465. Hoklas' conduct clearly falls within the category number 2, having intentionally and recklessly violated the stop sign warning and driven past it with unchanging speed. The defendant Hoklas even then, by the exercise of only slight care, could have discovered the danger of the approaching Fisk automobile in ample time to avoid it by slowing down or stopping his automobile. It was broad daylight, the weather was clear and the visibility was good. So that it appears from the record that Hoklas' acts were such as justified the finding that was made by the jury.

Complaint is made upon this rehearing by counsel for the defendant that the court misapprehended the prejudicial nature of plaintiff's instruction number one based in part on the charge that Hoklas with a con-

scious indifference to surrounding circumstances and conditions, wilfully and wantonly drove his automobile at a speed greater than was reasonable and proper having regard to the traffic and use of the way in violation of the speed statute, because counsel think that is essentially a statute to cover a collision between motorists or with others on the highway not occupying the position of passenger and guests. This is apparently unsound, for if the speed statute was intended to apply to motorists involved in collisions, it would be contrary to reason and common sense to hold that it does not apply to or protect the motorists' passengers. There is no such exception in the statute itself and counsel have cited no authority for the distinction which they seek to draw.

Therefore the order granting a new trial as to the defendant Fisk is affirmed; the order granting a new trial as to the defendant Hoklas is reversed; and the cause is remanded to the trial court for further proceedings in due course.

*Affirmed as to defendant Fisk and reversed as to defendant Hoklas, and remanded for further proceedings in due course.*

BURKE, P. J., and KILEY, J., concur.