ALEX SOBRIO, APPELLANT, *v.* M. C. CAFFERATA, AND W. H. PEARSON, RESPONDENTS.

No. 3915

May 24, 1956.                    297 P.2d 828.

*Ernest S. Brown,* and *Wm. L. Hammersmith,* of Reno, for Appellant.

*Vargas, Dillon, Bartlett & Garroway,* of Reno, for Respondents.

**OPINION**

By the Court, EATHER, J.:

The essential facts which evoked this litigation may be summarized briefly in the following manner. Appellant, who was plaintiff in the trial court, received an injury while he was attempting to deliver fuel oil from a tank truck to a building in the city of Reno, Nevada, owned by respondents. His complaint alleged two causes of action, the first under the common law and the second under a city ordinance which he believes is applicable. At the trial, he abandoned the common law claim and insisted that defendants were liable because they admittedly did not provide a guardrail in compliance with

the ordinance. The case was submitted to jury, which rendered a verdict in favor of plaintiff against these respondents. A motion by respondents for judgment *non obstante veredicto* was granted and plaintiff appealed.

The first question raised and argued relates to the right of the trial court to enter judgment n.o.v. At the close of plaintiff's evidence, respondents moved for a directed verdict in their favor, which motion was denied. Respondents offered no evidence and immediately rested. No second formal motion was made by them for a directed verdict but they submitted an instruction to that effect, which the trial judge refused to give to the jury. Appellant contends that respondents did not comply with Rule 50(a) of the Nevada Rules of Civil Procedure and that they waived their right to ask for judgment n.o.v. by failing to make a motion for a directed verdict "at the close of the case."

Rule 50(a) provides that a motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case. Rule 50(b) is, in part, as follows: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. * * * If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed."

The motion by respondents at the close of plaintiff's evidence satisfied the rule at that point in the trial and, because they did not offer any evidence in defense, it may be considered as a motion presented "at the close of [the case]." Also, under the circumstances presented here, we think the proposed instruction offered by respondents for a verdict in their favor is the equivalent of a formal motion to that effect.

Plaintiff abandoned his asserted cause of action based upon alleged common law negligence and relied entirely upon the failure by respondents to provide a guardrail as called for in an ordinance of the city of Reno. Therefore, we have no concern with elements involved in a common law negligence action, but we are confined to the ordinance, which is as follows: "It shall be unlawful for any person owning, controlling or having the possession of, any cellarway, opening or entrance to any cellarway, basement or other excavation beneath the sidewalk along any street or alley, to cause or permit the said cellarway, opening or entrance to be opened, or remain open, except during the time said cellarway, opening or entrance is actually in use, or to cause or permit the said cellarway, opening or entrance to remain open without a proper guardrail around the same, said guardrail to be constructed of iron, not less than three and a half feet from the ground level, and enclosed beneath said guardrail and the ground level with iron mesh screen."

The fuel oil delivered by appellant was to be passed through a hose from the tank truck to a container in the basement of respondent's building. Entrance for that purpose was through a large opening in the sidewalk in front of the building on Center Street, that being a public thoroughfare located in the heart of the city which bears much vehicular and pedestrian traffic. The opening was normally closed by two steel doors, each about two feet wide and five or six feet long, which were flush with the sidewalk when closed, fastened to hinges at the outer sides and opened upward from the center so that when in position to permit access to the basement they were upright from the sidewalk. They were operated by hand. It was a cellar opening and basement entrance which is common in cities.

Appellant opened the steel doors and braced them with a chain provided for that purpose so that the doors could not fall outward onto the sidewalk. His testimony is that the doors were "out and beyond the opening of

the sidewalk level" when he had finished placing them in position. He then took the nozzle end of the hose and started to descend the steps in the opening leading from the sidewalk to the basement. When he was only part way down the steps, the south door fell inward upon him and struck the top of his head. Appellant had delivered oil to those premises and had opened the basement doors and used those steps, as he testified "countless times before." The record does not give any indication of what caused the door to fall inward; apparently nobody knows the cause. Appellant testified that his hose did not come in contact with the door and there is no evidence that any pedestrian or object on the sidewalk touched the door.

A careful reading of the ordinance makes it plain that respondents might have fully complied with the ordinance and yet this unfortunate accident could have occurred. Appellant argues that the guardrail and screen could have been placed vertically above the sides of the opening after the doors had been raised, the guardrail thus being between the upright doors and preventing the doors from falling inward while the guardrail was in place. But the ordinance does not require the guardrail to be so placed. A guardrail and mesh fully complying with the ordinance could have been erected outside and around both the opening and the raised doors, that would not have prevented a door falling inward toward a closed position and striking a person on the steps. A guardrail so placed would have been a protection for a pedestrian on the sidewalk, which we deem a strong indication that the ordinance was intended only for such protection.

It is significant that the ordinance required the guardrail to be not less than three and a half feet from the ground level—in the present case one and a half feet higher than the open two-foot cellar doors. Significant, too, is the absence from the ordinance of even the simplest language requiring a safety device to keep the doors from falling.

Whether or not the ordinance was applicable to the situation presented by appellant was a question to be determined by the court. "Usually, questions involving the existence * * * interpretation, construction or meaning and effect of a statute * * * are questions for the court." 53 Am.Jur., page 216. The trial judge would have been correct in granting respondents' motion for a directed verdict. In setting aside the verdict for appellant and entering judgment for respondents, he committed no error. Appellant simply did not present the necessary foundation to support a claim upon which relief could be granted.

Appellant's assignments of error attack Rule 50 as unconstitutional and beyond the rule-making power of this court. We have considered those points and find no merit in either one.

The judgment is affirmed, with costs to respondent.

MERRILL, C. J., and BADT, J., concur.