JACK C. HERIC, AKA J. C. HERIC, APPELLANT, *v.* ROY J. CHRISTENSEN, DBA PEAVINE TRANSFER & WHOLESALE CO., RESPONDENT.

No. 3900

February 7, 1957.          306 P.2d 769.

*Oliver C. Custer* and *John E. Gabrielli,* of Reno, for Appellant.

*Goldwater, Taber and Hill,* for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment based upon a verdict for defendant in a rear-end collision case. Appellant contends that there was no evidence to support the verdict. Defendant testified that plaintiff was driving south on South Virginia Street in Reno and that defendant was following in a pickup truck; that he had been following behind plaintiff for several blocks, maintaining a distance of some 15 to 20 feet from plaintiff, both cars traveling at a speed of about 20 miles per hour; that suddenly and without hand signal or other warning plaintiff came to an abrupt stop and defendant's pickup struck his car, with very little force, as defendant applied his brakes, which were in very good condition. Plaintiff's version is that he had stopped behind a line of cars waiting for a mechanical stop light to change, had sat there

and relaxed from 10 to 15 seconds and was then struck in the rear. We thus have a direct conflict in the testimony as to the manner in which the accident occurred. The jury apparently rejected plaintiff's version of what caused the accident and rejected the facts testified to by plaintiff in support of that version. It apparently found either that plaintiff's unindicated sudden and abrupt stop was the proximate cause of the collision or that it was negligence on the part of plaintiff contributing thereto. It is also conceivable that it found that the accident was unavoidable. In any of such events its conclusion was a factual one, with substantial support in the evidence, much of which we have not found it necessary to recite. See extended Annotation 29 A.L.R.2d 5 under title "Sudden or unsignaled stop or slowing of motor vehicle as negligence."

Appellant also assigns as error the court's refusal to instruct the jury that if the defendant was not operating his vehicle in such manner that it could be stopped within a reasonable distance before striking objects in front, or that if defendant's vehicle was not equipped with proper brakes in compliance with statute and that such failure was approximately the cause of the accident, it should find for plaintiff. Defendant had pleaded contributory negligence as a defense, and the requested instruction would have denied such defense out of hand. It was properly refused.

Affirmed with costs.