FRANK SCOTT, Appellant, *v.* ANN SMITH, MARY GEORGEANN ROBERTS, AND HOWARD D. ROBERTS, Her Husband, Respondents.

No. 3964

May 29, 1957                    311 P.2d 731

*Vargas, Dillon & Bartlett,* and *Alex A. Garroway,* all of Reno, for Appellant.

*Stewart & Horton,* of Reno, for Respondents.

## OPINION

By the Court, EATHER, J.:

This is an action for wrongful death resulting from an automobile accident. From judgment for the plaintiffs, pursuant to jury verdict, the defendant has taken this appeal. The principal question is whether an ordinance establishing a town speed limit was available on behalf of a guest passenger, as evidence of the neglect of the driver.

Defendant Scott and George Smith worked together in the Sonoma Inn in Winnemucca. On July 20, 1955 the defendant decided to drive to Reno after work and mentioned his intention to Smith. Smith decided to accompany him. There is no question but that his status was that of a guest.

The two left Winnemucca at about 1:10 a.m. and reached the scene of the accident, the town of Wadsworth, Nevada, about 3:30 a.m. The highway enters Wadsworth in a wide curve. Defendant testified that he was going between 50 and 55 miles an hour at this point; that the bright lights of an approaching car partially blinded him and caused him to believe the vehicle was partly in his lane; that he swerved to his right onto the highway shoulder and lost control. The car travelled approximately 425 feet in a zigzag line and off the pavement until it struck a tree about 10 feet off the pavement on the right side of the road. Smith's death resulted from the impact. There was no witness to the accident and the only other testimony as to the defendant's speed was that of an expert witness who estimated the speed to be 88 miles an hour based upon tire marks and other physical evidence.

Defendant assigns as error the admission of an ordinance of Washoe County which provides as follows: "It shall be unlawful for any person or persons to drive or operate a motor vehicle upon any street or highway within the unincorporated towns of Gerlach, Verdi or Wadsworth in Washoe County, Nevada, at a speed greater than 20 miles per hour."

Defendant contends that Smith was not a person for whose benefit the ordinance was enacted and that the ordinance cannot be said to establish a standard of care as to him.

The standard of conduct of a reasonable man is frequently established by legislative act and when so established is binding upon the courts. It is necessary, however, to show that the purpose of the ordinance was to protect against invasion of the interest of the plaintiff, which was in fact invaded. In this respect one is concerned with the persons, interests, and hazards which the ordinance is designed to reach. See Restatement of the Law, Torts, Secs. 285 and 286.

The defendant contends that the ordinance should be construed to have been enacted for the protection of the inhabitants of the town of Wadsworth. It cannot be so narrowly construed. The hazard which it sought to reach was speed through the town of Wadsworth. It sought to protect all persons whom that hazard might affect. Passenger guests are not to be excluded from the benefits of highway speed limits. Lawson v. Fisk, 316 Ill.App. 591, 45 N.E.2d 707; Anderson v. Anderson, 188 Minn. 602, 248 N.W. 35; Wilson v. Moudy, 22 Tenn.App. 356, 123 S.W.2d 828. Nor can we see any justification whatsoever for excluding guests from the benefit of speed limits imposed to meet town conditions. In Singer v. Martin, 96 Wash. 231, 164 P. 1105, 1108, it was held that a statute limiting speed at intersections within city limits was available to a passenger in a taxicab, the court stating:

"The further claim that the speed statute can only be invoked in favor of pedestrians is without merit. * * * It imposed a positive rule of conduct upon all drivers. It seems clear that it should be invocable in favor of any person who can show that its violation was the proximate cause of his injury in the absence of contributory negligence on his part."

Nor can it be contended that the hazard which the ordinance sought to reach is not involved here due to the circumstances surrounding the accident. True, it occurred at an hour when town streets were deserted and it does not appear that town traffic was in any way involved. These facts themselves may be material in determining whether, under the particular circumstances, the violation constituted gross negligence, but they cannot eliminate the effectiveness of the ordinance as establishing a standard of reasonable care. The application of the ordinance is not limited to certain hours of the day. The county commissioners have declared that no matter what the hour or traffic conditions may be, a reasonable man will not assume the risk of driving in excess of the fixed speed limit within the town of Wadsworth. If speed be the proximate cause of the accident the standard of conduct fixed by the ordinance becomes a material consideration. Cf. Sobrio v. Cafferata, 72 Nev. 145, 297 P.2d 828.

We conclude that it was not error to admit the ordinance in evidence.

Appellant further assigns as error the allowance as costs of certain expenses entailed in the taking of two depositions. NRS 18.010 provides as follows: "* * * There shall be allowed to the prevailing party in any action or special proceeding in the nature of an action in the supreme court and district courts his costs and necessary disbursements in the action or special proceeding."

The depositions were not offered in evidence and

appellant contends that the expenses incurred in their taking cannot be held necessary disbursements in the action.

We need not here decide whether deposition expense can be regarded as a necessary disbursement when the sole purpose of the deposition is discovery. In this case trial use was made of these depositions. Upon cross examination of the defendant one deposition was used to correct an answer given by him and the other was used to refresh his recollection upon a matter he could not recall. The depositions thus served the same testimonial function as that of a witness subpoenaed for the purpose of impeachment. The extent to which the expense of their taking might be regarded as necessary disbursements fell within the discretionary powers of the trial court.

We conclude that there was no error or abuse of discretion in the allowance of these items as costs.

Judgment affirmed.

BADT, C. J., and MERRILL, J., concur.