GEORGE JAMES ARMSTRONG, APPELLANT, v. IRENE ELVIRA ONUFROCK AND DUANE WILLIAM ONUFROCK, BY AND THROUGH HIS GUARDIAN AD LITEM, IRENE ELVIRA ONUFROCK, RESPONDENTS.

No. 4163

June 25, 1959

341 P.2d 105

*Vargas, Dillon & Bartlett,* and *Alex A. Garroway,* of Reno, for Appellant.

*Peter Echeverria* and *John Sanchez,* of Reno, for Respondents.

## OPINION

By the Court, McNAMEE, J.:

Respondents, plaintiffs below, recovered damages in this action resulting from an accident in which respondent Duane William Onufrock, a minor of the age of 14 years, sustained personal injuries when the motor scooter he was operating collided with an automobile operated by appellant. Respondent Irene Elvira Onufrock, the mother of Duane, has joined as plaintiff to recover her loss of wages resulting from said accident. The trial court entered final judgment on the verdict and denied appellant's motion for a new trial. Appeal is from the judgment and from the order denying the motion for new trial.

The accident happened at the intersection of California Avenue and Booth Street in the City of Reno on October 12, 1956 at 7 o'clock a. m. Armstrong was proceeding eastwardly on California Avenue in his Ford automobile. It was a cold morning and prior to starting his automobile he had cleaned the frost off a portion of his windshield on the driver's side with a small stick. The two streets form an imperfect Y, the base being the west portion of California Avenue. Both streets are popular thoroughfares and many vehicles pass in both directions, and both Armstrong and Duane knew that half of those vehicles going east on California Avenue turn left onto Booth Street.

There was evidence that the portion of the windshield Armstrong had cleaned had fogged over, obscuring his forward vision. As he approached the intersection, he put out his hand for a left turn. At this time Duane Onufrock was proceeding westerly on California Avenue which has a downhill grade as it enters the intersection from the east. The collision occurred on Booth Street a few feet beyond the north line of California Avenue. Armstrong neither saw nor heard the approaching motor scooter prior to the accident. Duane Onufrock sustained severe injuries, was knocked unconscious, and has no recollection of the events before or after the

impact. An eyewitness testified that as the two vehicles approached each other Duane dropped his foot either to or close to the pavement and in a matter of a split second thereafter the collision occurred.

The trial court concluded that the doctrine of last clear chance was involved and instructed the jury with respect to its essential elements and their application to the evidence presented. Appellant made no objection to such instructions. After considering the evidence and the instructions of the court the jury concluded that although both Duane and Armstrong were negligent, Armstrong had the last clear chance to avoid the accident. We feel that the jury was warranted in reaching such a conclusion.

There was evidence that both vehicles approached the intersection at an excessive rate of speed; that Armstrong while his forward vision was obscured by the frost on his windshield made a left turn in violation of a municipal ordinance which required him to yield the right of way to the approaching vehicle; that Armstrong in the exercise of ordinary care, could have discovered the imminent peril of Duane in time to avoid the accident by stopping or by diminishing his speed and should have realized that Duane could not extricate himself from such peril. Failing in this duty, he is liable under the doctrine of last clear chance, for the natural consequences of his acts. Styris v. Folk, 62 Nev. 208, 209, 139 P.2d 614, 146 P.2d 782; Deiss v. So. Pac. Co., 56 Nev. 151, 47 P.2d 928, 53 P.2d 332.

As a separate cause of action, Duane's mother sued Armstrong to recover lost wages, alleging that as a result of the said negligence of Armstrong she was compelled to resign her employment to care for her son to her damage in the sum of $1,500.

Evidence was received showing that the said mother quit her $56 a week job on October 12, 1956, the day of the accident, to care for her son, and that she continued such nursing care until May 1957. She was on 24-hour duty during this period, except for occasional relief from her husband. Had she continued her work

and employed a nurse to care for her son the cost would have been $14 a day for an eight-hour shift.

The jury in its verdict included an item of $1,000 for the mother.

While nursing charges are a proper element of special damages in an action of this nature, the basis of liability is not the loss of wages resulting from the change of occupation, but rather the reasonable value of the nursing services. Seedborg v. Lakewood Gardens Civic Ass'n., 105 Cal.App.2d 449, 233 P.2d 943; 67 C.J.S., sec. 55, pp. 760-761.

Although the measure of damages as defined by the court to the jury was clearly erroneous, the error or errors were not prejudicial, because it is apparent that the nursing services his mother performed on his behalf were of a value of at least the sum of $1,000.

Appellant contends that this item for nursing services, while a proper item of special damages when claimed by the injured person, is not a proper subject of a direct claim against the wrongdoer by the one performing the services.

Where the injured person is a minor, however, and costs of his care have been met by a parent, a direct right of action by such parent against the wrongdoer exists. NRS 12.080, Walker v. Burkham, 63 Nev. 75, 77, 161 P.2d 649, 165 P.2d 161. Here nursing care has been provided by the mother and consequently she was entitled under our statutes to join in the action as a party in order to recover the value of her services as a nurse.

Appellant filed in the court below and served upon respondents the points on which he intended to rely on appeal which were as follows:

1. The second amended complaint and the evidence do not show or establish a cause of action under the "last clear chance" doctrine.

2. The second amended complaint and the evidence

do not show or establish a cause of action on behalf of Irene Elvira Onufrock under the alleged third cause of action.

3. The motion to retax costs should have been granted.

At the same time, appellant designated therein as part of the record on appeal the transcript omitting the testimony of Dr. Lenz, Dr. Herz, Dr. Farrell, and William E. Onufrock. Respondents successfully demanded that this omitted testimony be included.

The testimony of Doctors Lenz, Herz, and Farrell concerned only the nature and extent of Duane's injuries and therefore was relevant only to the amount of his damages, and the testimony of William E. Onufrock concerned both Duane's injuries and the damages resulting from the destruction of the motor scooter. As to the latter the jury disallowed any damages for the loss of the scooter and therefore we are not concerned with the same on this appeal. Because there was no question raised concerning the amount of the verdict for Duane, there has been no need to consider any evidence relative to the nature and extent of his injuries. Consequently the inclusion of such testimony in the Record on Appeal was a violation of NRCP 75 (e) [1]. Costs for the inclusion of such testimony were paid by appellant, and he is entitled to his costs for such item in this court.

Appellant contends that the court erred in denying its motion to retax costs with respect to the charges

---

[1]NRCP 75(e): "RECORD TO BE ABBREVIATED. All matter not essential to the decision of the questions presented by the appeal shall be omitted. Formal parts of all exhibits and more than one copy of any documents shall be excluded. Documents shall be abridged by omitting all irrelevant and formal portions thereof. For any infraction of this rule or for the unnecessary substitution by one party of evidence in question and answer form for a fair narrative statement proposed by another, the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties."

for the deposition of Robert Francisco, one of the eye-witnesses to the accident, of George James Armstrong, the appellant, and of Duane Onufrock.

The deposition of Francisco was taken prior to the filing of the action below in order to perpetuate his testimony, because at the time Francisco was preparing to leave the State of Nevada and establish residence in Montana. Although Francisco later returned for the purpose of attending the trial as a witness and was sworn and testified at the trial, under the circumstances prevailing in October 1956, when the deposition was taken, it was then essential to respondent's case that the deposition be taken to perpetuate this testimony in the event he should later refuse to return to Nevada. We think that the expense of taking such deposition was a proper cost item.

The deposition of appellant Armstrong was taken after the commencement of the action for discovery purposes. In our opinion the expenses resulting from the taking of depositions for the purpose of discovery are merely one of the many expenses connected with the preparation for trial and should not be taxed as costs against the losing party, even when the person whose deposition is taken is a party to the action.

The same reasoning applies to the cost of a copy of the deposition of Duane William Onufrock. Appellant caused this deposition to be taken and had he been successful, he would not have been entitled to tax as costs the expenses connected therewith. Under the circumstances we feel that inasmuch as the party who causes a discovery deposition to be taken must stand the expense of the original and such copies as he may request, so also should an adverse party pay for such copies as he may order as an expense connected with the preparation for trial, without the right of reimbursement from the losing party.

The costs taxed for the Armstrong deposition were

$37.80 and for the copy of the Duane Onufrock deposition $11.40 or a total of $49.20.

It is ordered that the judgment of the district court be modified by reducing the item of costs therein from $260 to $210.80. As so modified, judgment affirmed.

MERRILL, C. J., and BADT, J., concur.