ROBERT TROOP, A Minor, and RAYMOND TROOP and HELEN TROOP, Parents of Said Minor, Appellants, v. BARBARA JOYCE YOUNG, Sometimes Known as BARBARA J. CARR, a Minor, by Her Guardian Ad Litem, KATHERINE COWAN, Respondent.

No. 4188

October 28, 1959                    345 P.2d 226

*Vargas, Dillon & Bartlett* and *Alex A. Garroway*, of Reno, for Appellants.

*Richard L. Waters, Jr.*, of Carson City, for Respondent.

**OPINION**

By the Court, BADT, J.:

Plaintiff was a guest in an automobile driven by defendant, and the judgment for damages in her favor was accordingly, under Nevada's guest statute, based upon the finding of defendant's gross negligence. Appellant contends that as a matter of law no gross negligence appeared, and that a reversal must follow. We have concluded that reasonable minds could differ as to whether or not the defendant was guilty of gross negligence; that the issue was therefore properly left to a determination by the jury and that there was no error in denying the motion for new trial or in denying motion for judgment notwithstanding the verdict.

Defendant at the time of the accident was a boy of the age of 16 years without benefit of having, or ever having had, a driver's license. Plaintiff was a 14-year-old girl. The accident occurred just off the Ash Canyon Road to the west of Carson City. According to defendant's own testimony the upset happened on a narrow, dirt, two-track (one lane) road. Within a few minutes prior to the accident he had run out of gas. He walked up the road a short distance to the Joost home to obtain gas, walked back, then drove back up the road to the Joost home. Coming back down the road, with plaintiff as his

passenger, he had started by "digging out," that is, spinning his wheels, accomplished by depressing the accelerator to the floor of the car and then putting the car in motion. Within a distance of less than a quarter of a mile he had accelerated his speed to about 40 miles an hour. At this speed he went into a slight turn, which was immediately followed by a "pretty good turn," which he attempted to make at a speed of 35 miles an hour. He testified that he hit a rock "bigger than a basketball" that was in the road and that he had not seen such rock in the three previous times he had travelled the road; that hitting the rock blew out the right front tire and that the car turned on its side "in a bunch of rocks."

The plaintiff testified that she had just cautioned defendant "to take it easy," that he "slammed on the brakes," and that the car then turned over. She also testified that earlier in the day while they were returning from Virginia City, down a steep and winding road, she had remonstrated with defendant at least five to ten times or more about his excessive speed.

It is not asserted that defendant was not negligent. He asserts simply that under the facts of the case he was as a matter of law not guilty of gross negligence. We held, however, in Kuser v. Barengo, 70 Nev. 66, 254 P.2d 447, that where reasonable men could draw different inferences from the evidence presented on the question of the existence of gross negligence, the question is one of fact for the jury and not one of law for the court. In that case, as here, defendant referred to numerous cases in which the trial court was held to be without error in holding that as a matter of law gross negligence had not been proved and that an order of nonsuit was proper. In that case, as here, particular reliance was had by the defendant on Hart v. Kline, 61 Nev. 96, 116 P.2d 672. It is only necessary to say that in all such cases the facts were different and that the holdings referred to do not compel the conclusion in this case advanced by appellant.

It was therefore proper to submit the issue to the jury with appropriate instructions. The instruction given the

jury on the issue of gross negligence was word for word in the language approved by this court in Hart v. Kline, supra.

Three other assignments of error are asserted by appellant. We have carefully considered them, but find them to be without merit. The judgment and orders appealed from are affirmed with costs.

McNAMEE, C. J., and PIKE, J., concur.