EUGENE QUILICI AND AMOS QUILICI, APPELLANTS,
   *v.* JOSEPH BATTAGLIA AND ORENE BAT-
TAGLIA, HIS WIFE, RESPONDENTS.

No. 4525

October 9, 1962              374 P.2d 887

*Pike & McLaughlin* and *William N. Dunseath,* of
Reno, for Appellants.

*Stewart, Horton & McCune* and *Donald Stuart Bab,*
of Reno, for Respondents.

## O P I N I O N

By the Court, THOMPSON, J.:

Joseph and Orene Battaglia brought suit against Towle and the Quilicis to recover damages resulting from a rear-end car collision. A jury returned its verdict for the defendants. The Battaglias moved for a new trial against the defendants Quilici. Their motion was granted upon the grounds that the verdict was against and contrary to the law and the evidence, and that there was a manifest disregard by the jury of the instructions of the court. By this appeal the Quilicis claim error, asserting that the trial court abused its discretion in ordering a new trial. Whether such claim of error has merit is the sole issue presented for our determination. Cf. Rocky Mountain Produce Trucking Company v. Johnson, 78 Nev. 44, 369 P.2d 198; Schopper v. Kelley, 75 Nev. 520, 347 P.2d 279; Pagni v. City of Sparks, 72 Nev. 41, 293 P.2d 421; Arrowhead Freight Lines v. White, 71 Nev. 257, 287 P.2d 718; Nevada Rock & Sand Co. v. Grich, 59 Nev. 345, 93 P.2d 513. In making such determination we must view the evidence in the light most favorable to the plaintiffs below and respondents here. Rocky Mountain Produce Trucking Company v. Johnson, supra.

The evidence discloses that on a winter night five cars were traveling south in the same traffic lane on South Virginia Street in Reno. Each was proceeding at about the same speed. The distance between each car in line was approximately the same. The temperature was freezing. There had been a recent snowfall and the street was icy or spotted with ice near and

about the accident scene. As the lead car approached the T-intersection of South Virginia Street and California Avenue, it stopped suddenly. The signal light was a blinking yellow for southbound traffic. The second car in line stopped without colliding with the lead car. The third car, the Battaglia car, stopped without colliding with the second car. The fourth car, driven by the defendant Towle, stopped without colliding with the Battaglia car. The fifth car, driven by the defendant Eugene Quilici, failed to stop; it struck the rear of the Towle car, propelling it forward and into the rear of the Battaglia car. We deem it unnecessary to extend this opinion by a more precise and detailed recital of the facts surrounding the accident. For the purpose of ascertaining whether the trial court abused its discretion in granting a new trial, the brief factual picture which we have related is sufficient. It shows that each driver was faced with about the same situation. Each, except Quilici, had his vehicle under sufficient control to avoid bumping or colliding with the car immediately in front of him. Under such circumstances we cannot find that the trial court abused its discretion in ordering a new trial.

Though the appellants readily acknowledge the essential facts to be as related, they insist that the jury could properly characterize the accident as unavoidable. Our attention is directed to the icy pavement; to the testimony that the Quilici car slid on the ice into the rear of the Towle car. Particular emphasis is placed upon the fact that the trial court, over the objection of plaintiffs' counsel, gave an "unavoidable accident" instruction.[1] We are told that the trial court must have then believed that evidence existed to support such instruction; hence, the jury could properly find that the accident was consistent with the exercise of

---

[1] We need not determine whether the "unavoidable accident" instruction was appropriate. The appellants, defendants below, contend that it was properly given; the respondents, plaintiffs below, do not agree. Case authority is in conflict. See annot., 65 A.L.R.2d 12; comment in 33 So.Cal.L.Rev. 72; comment in 22 Mont.L.Rev. 204.

ordinary care by Eugene Quilici and that it was unavoidable; that having advised the jury, in effect, that a defense verdict was possible under one view of the evidence, and the jury having so decided, the court abused its discretion when it overturned the verdict and ordered a new trial.

Such argument fails to recognize the distinction between a review by this court of a jury verdict and judgment entered thereon, and our review of the lower court's action in granting a new trial. In the former case, our concern is whether the jury's verdict has substantial evidentiary support. Heric v. Christensen, 73 Nev. 6, 306 P.2d 769, a rear-end collision case, is an example. Without moving for a new trial, the plaintiff appealed from a judgment based upon a verdict for the defendant. In affirming, this court mentioned, inter alia, that the jury conceivably could have found the accident unavoidable.[2] On the other hand, when we are asked to review the lower court's action in granting a new trial, our concern *is* *not* whether the jury's verdict has substantial evidentiary support; rather, it is whether the trial court can be said to have abused its discretion in granting a new trial. Pagni v. City of Sparks, 72 Nev. 41, 293 P.2d 421; Arrowhead Freight Lines v. White, 71 Nev. 257, 287 P.2d 718. It is apparent that the governing principles on review are quite different. A new trial may be granted notwithstanding the existence of substantial evidence in favor of the verdict when that verdict, in the judgment of the trial court, is contrary to the clear weight of the evidence or results in a miscarriage of justice. Arrowhead Freight Lines v. White, supra. Under the circumstances presented, the lower court did not abuse its discretion in granting a new trial.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.

---

[2]Apparently no issue was raised in *Heric* as to whether the unavoidable accident instruction was properly given. We have found no Nevada case directly deciding this question.