Jacob D. ADAMS, Appellant,

v.

Betty Lou ERICKSON and Wayne O.
Erickson, Appellees.

No. 9435.

United States Court of Appeals
Tenth Circuit.

May 10, 1968.

E. E. Lonabaugh, of Lonabaugh & Lonabaugh, Sheridan, Wyo., for appellant.

Lawrence A. Yonkee, of Redle, Yonkee & Redle, Sheridan, Wyo. (Austin T. Redle, Sheridan, Wyo., on the brief), for appellees.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

This action arose out of an automobile collision on a public road in Campbell County, Wyoming on October 21, 1962. Appellee Betty Lou Erickson was seriously injured, and personal property of her husband, Wayne O. Erickson, including a 1956 Chevrolet sedan, was damaged. In a trial to the court without a jury, the court found that Betty Lou Erickson suffered general and special damages in the sum of $33,179.38, and that her husband Wayne was damaged in the amount of $1,172.00. Judgment was entered accordingly.

The record discloses that at approximately 5:00 P.M. the Erickson automobile was being driven by Wayne in a westerly direction on an unpaved road when a car driven by the appellant Adams crashed head-on into the Erickson automobile near the crest of a hill. Both automobiles at the time of the collision were on the north side of the highway and in the lane of traffic properly occupied by the Erickson car. Adams' explanation of the collision was to the effect that as he approached the crown of the hill, he observed the Erickson car traveling toward him on the wrong side of the road. He testified that he swerved to the left to avoid the collision, but when the Erickson car unexpectedly returned to its side of the road, it was then too late to prevent the accident. The Ericksons testified that their automobile was traveling on the right side of the road when the Adams car appeared, moving at a high rate of speed on the wrong side of the road, and that the collision could not be averted. The testimony of the investigating officer was that all the evidence of the collision, including skid marks and debris, was on the north side of the road. The trial court found that Adams was driving his car on the left half of the road and that this negligent action was the sole and proximate cause of the collision. This finding is supported by the overwhelming weight of the evidence, and the rule that a driver of a vehicle under certain conditions existing at the time may, without creating liability swerve to the left side of the road to avoid a collision, has no application.

The Ericksons lived in Wisconsin, and due to the very serious injuries to Mrs. Erickson, hospitalization was required in Wyoming for a period of about five weeks. During this time Wayne remained in Wyoming with his wife, and the court awarded him the sum of $450 for loss of wages.[1] There was evidence that Erickson performed some nursing services for his wife, but the record contains no evidence of the value of these services. The prevailing rule is that the measure of damages for such services is the reasonable value thereof, and not for lost wages. 41 C.J.S. Husband and Wife § 401(4); Armstrong v. Onufrock, 75 Nev. 342, 341 P.2d 105, 76 A.L.R.2d 946; Town of Salida v. McKinna, 16 Colo. 523, 27 P. 810; Hazard Powder Co. v. Volger, (8 Cir.) 58 F. 152, 157; Anno. 90 A.L. R.2d 1323. There was no evidence that the injuries to Erickson caused the loss of wages, and the claim therefore should have been denied.

To substantiate his claim for the loss of his automobile, Erickson testified that it was purchased in January of 1961 for a consideration of $700 cash

---

1. The court found as follows:
   "17. Wayne O. Erickson, intervening plaintiff, lost wages by reason of his injury and by reason of having to be absent from his regular job to attend his wife, in the sum of Four Hundred Fifty Dollars ($450.00)."

and a 1951 Chevrolet with a trade-in value of $200, and that since the purchase it had been kept in good repair and was in good working condition. As to his knowledge of the value of the automobile at the time of the collision, the substance of his testimony was that he had made inquiry as to the present value of similar cars, including the automibile dealers' blue book value thereof and, in his opinion the vehicle was worth $550, and the salvage value was $50. This is the only evidence of the value in the record. The court allowed recovery in the sum of $500 for the automobile. It is the general rule that an owner of property, because of his ownership, is presumed to have special knowledge of the property and may testify as to its value. United States v. Sowards, 10 Cir., 370 F.2d 87. The Wyoming courts have recognized this rule. Town of Douglas v. Nielsen, Wyo., 409 P.2d 240; Blessing v. Pittman, 70 Wyo. 416, 251 P.2d 243. However, in Wilcox v. Herbst, 75 Wyo. 289, 295 P.2d 755, the Wyoming Supreme Court apparently applied the minority rule, holding that the owner of an automobile was not qualified to testify as to its value "merely because he was the owner thereof * * *." 32 C.J.S. Evidence § 546(116). In a later decision, without reference to the Wilcox case, the court, in Town of Douglas v. Nielsen, supra, 409 P.2d at 242, said:

> "Although appellants complain there was impropriety in permitting the owner-claimant to testify as to the value of his destroyed property, this court in Shikany v. Salt Creek Transp. Co., 48 Wyo. 190, 45 P.2d 645, held an owner is prima facie qualified to give opinion as to value and to know value until the contrary appears. And in Blessing v. Pittman, 70 Wyo. 416, 251 P.2d 243, we said the weight of the owner's testimony was a question for the jury. * * *"

Furthermore, the Wyoming court has said that it was committed to a liberal view in the matter of foundation for opinion evidence and "that even a non-expert may testify to the value of property if his knowledge has been derived through the general avenues of information to which the ordinary business man resorts to inform himself as to values for the conduct of his affairs." State Highway Comm'n v. Newton, Wyo., 395 P.2d 606, 609. In view of the uncertainty of the Wyoming law on this subject, we will accept the application of the local law by the trial court, unless clearly convinced to the contrary. Smith v. Greyhound Lines, Inc., 10 Cir., 382 F.2d 190; Scott v. Stocker, 10 Cir., 380 F.2d 123; Glenn v. State Farm Mut'l Automobile Ins. Co., 10 Cir., 341 F.2d 5.

It is urged that the court committed error in permitting the plaintiffs to show that Adams had been given a citation for a traffic violation and that he had forfeited the bond given in connection therewith. The Wyoming statute appears to exclude evidence of this nature in a civil action, Wyo. Stat. § 31–241 (1957), but in a trial to the court without a jury, if there was error it was not prejudicial. 89 C.J.S. Trial § 589; York v. Torbert, Wyo., 355 P.2d 205.

Appellant's argument that there was no medical testimony establishing a causal relationship between the accident and the injuries suffered by Mrs. Erickson is without merit. The only testimony in the record is that the injuries were caused by the collision. The medical testimony described the extent of the injuries, the pain therefrom, and the resulting disability. It affords a basis for an estimate of the damages which need not be proved with mathematical accuracy. Southwestern Inv. Co. v. Cactus Motor Co., 10 Cir., 355 F.2d 674; Brown v. Alkire, 10 Cir., 295 F.2d 411; Leader Clothing Co. v. Fidelity & Cas. Co. of N.Y., 10 Cir., 237 F.2d 7; Mountain States T. & To. Co. v. Hinchcliffe, 10 Cir., 204 F.2d 381.

The judgment in favor of the plaintiff Wayne O. Erickson is reduced to $722.00, and as so reduced and modified is affirmed.

The judgment in favor of plaintiff Betty Lou Erickson is affirmed.