**AYERS, Appellant,**

v.

**DEBUCCI; State Automobile Mutual Insurance Company, Appellee.**

[Cite as *Ayers v. Debucci* (2000), 137 Ohio App.3d 145.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–361.

Decided March 28, 2000.

*Connor & Behal* and *Robert J. Behal,* for appellant.

*William J. Christensen* and *Leslie T. Caborn,* for appellee State Automobile Mutual Insurance Company.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Leona W. Ayers, appeals from a judgment of the Franklin County Court of Common Pleas entering judgment for her in the sum of $32,500. Plaintiff assigns a single error:

"The trial court erred, to the prejudice of plaintiff, as a matter of law, and it abused its discretion when it excluded testimony from a medical doctor, board certified in anatomical and clinical pathology, who is a full professor at the Ohio State University Hospitals, and who has gained significant training, education, knowledge and experience in over thirty years of practice, which would assist the jury in determining the causation issue presented to them."

Because the trial court erred to plaintiff's prejudice when it prohibited her from testifying regarding the proximate cause element of her claim for damages, we reverse.

On December 8, 1994, plaintiff was involved in an automobile accident with defendant, Gregory S. Debucci. On December 5, 1996, she filed a complaint against Debucci, contending that he negligently drove his vehicle into the path of her car, causing her permanent and progressive injuries. In addition, she sued defendant-appellee, State Automobile Mutual Insurance Company ("State Auto"), her own insurer, contending that her losses may exceed Debucci's liability coverage through Progressive Insurance Companies and that State Auto may, therefore, be obligated to pay damages to plaintiff pursuant to the terms and conditions of her policy with State Auto.

Prior to trial, plaintiff and State Auto entered into stipulations, agreeing that Debucci operated his vehicle in a negligent manner on December 8, 1994, proximately causing a motor vehicle accident involving plaintiff. Debucci's insurance carrier agreed to pay the limits of his personal liability insurance coverage in the amount of $12,500, plus any amounts in subrogation, and plaintiff and State Auto mutually agreed to accept the $12,500, thereby releasing Debucci from any further liability in plaintiff's claim. Plaintiff and State Auto further agreed that should there be any further losses due to the automobile accident of December 8, 1994, State Auto would be responsible under the express terms of the underinsured coverage in its policy with plaintiff. The only issue remaining was the extent of plaintiff's personal injury loss and the damages caused by the motor vehicle accident of December 8, as State Auto waived all defenses to the negligence of Debucci.

At trial, plaintiff initially presented the testimony of several witnesses who had been present at or around the accident site. Plaintiff then testified about the accident and the changes she experienced in her physical ability subsequent to the accident. As plaintiff's testimony, however, approached the area of proximate cause, State Auto objected for two reasons to plaintiff's testifying as an expert witness for two reasons: (1) plaintiff's counsel allegedly had failed to disclose plaintiff as an expert witness, listing her only in her capacity as a lay witness, and (2) plaintiff lacked the necessary expertise to testify as an expert on the issue of whether Debucci's negligence proximately caused the injuries to which plaintiff testified.

Although plaintiff to some extent had testified about her qualifications during her testimony before the jury, the court allowed plaintiff further opportunity to discuss her qualifications outside the presence of the jury. State Auto likewise was given the opportunity to cross-examine plaintiff concerning her qualifications. Following questioning by the trial court, the court prohibited plaintiff's testimony on the issue of causation because plaintiff did not qualify as an expert witness for purposes of testifying to causation. The trial court did not address defendant's other proffered reason for precluding plaintiff's testimony.

At the conclusion of the case, the matter was presented to the jury for consideration. The jury rendered a verdict in favor of plaintiff in the amount of $45,000. After subtracting the $12,500 paid by Debucci's liability carrier, the trial court awarded plaintiff judgment in the amount of $32,500.

In her single assignment of error, plaintiff contends the trial court erred in precluding her from testifying to whether the injuries she sustained were proximately caused by the accident.

The admission of expert testimony is governed by Evid.R. 702. To qualify as an expert, plaintiff need not be the best witness on the subject. *Alexander v. Mt. Carmel Med. Ctr.* (1978), 56 Ohio St.2d 155, 159, 10 O.O.3d 332, 334, 383 N.E.2d 564, 566. Rather, plaintiff need only demonstrate some knowledge on the particular subject superior to that possessed by an ordinary juror. *State Auto Mut. Ins. Co. v. Chrysler Corp.* (1973), 36 Ohio St.2d 151, 159–160, 65 O.O.2d 374, 379, 304 N.E.2d 891, 897. Whether to admit plaintiff's testimony as an expert is within the broad discretion of the trial court, and that decision will not be disturbed absent an abuse of discretion. *Alexander*, 56 Ohio St.2d at 157, 10 O.O.3d at 333, 383 N.E.2d at 565.

Plaintiff is a licensed medical doctor, specializing in pathology. Through questions directed by her counsel, plaintiff testified at length concerning her qualifications and expertise. For example, plaintiff testified that both her education and experience provided her with expertise in the physiology of soft

tissue, including nerve tissue, and injuries to those areas. She explained that as a pathologist, she would be involved in making, as well as helping other doctors make, determinations as to what injuries exist and how they occurred. She further testified that while pathologists frequently are not treating physicians, they consult with treating physicians. Her consultations include determinations regarding the cause of an injury, such as whether an injury occurred in an automobile accident, and the cause and effect of incidents of trauma and the resulting injury.

Indeed, later testimony at trial supported plaintiff's qualifications as an expert witness. Plaintiff's counsel inquired of Albert Liss, M.D., Professor Emeritus in Pathology at The Ohio State University, asking whether pathologists "engage in consultation to decide the cause and effect relationship between incidents, trauma and other incidents and the result of disease or injury." When Dr. Liss responded "definitely," plaintiff's counsel asked if they are competent to do so, and Dr. Liss testified "[o]f course, this is part of their job."

Plaintiff's testimony supports her competency to testify as an expert regarding causation in her claim for compensation for injuries received as a result of Debucci's negligence. Indeed, in *Rouse v. Riverside Methodist Hosp.* (1983), 9 Ohio App.3d 206, 212, 9 OBR 355, 362–363, 459 N.E.2d 593, 601, this court addressed that very issue:

"[T]he trial court excluded testimony on the issue from a medical expert, the trial court reasoning that a medical doctor who is a pathologist cannot testify upon the subject. The proffered answer was that the doctor would testify that the medical expenses bore a direct and causal relationship to the excess radiation. Under Ohio law, any doctor licensed to practice medicine is competent to testify on medical issues, including the relationship of medical expenses to a particular injury or cause. *The fact that the doctor has a specialty of pathology, rather than some other specialty such as radiology, bears only upon the weight to be given the evidence, not its admissibility.*" (Emphasis added.)

State Auto suggests that *Rouse* is no longer controlling authority, given the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993), 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469. Decided under the Federal Rules of Evidence, *Daubert* more closely addresses the issue set forth in Evid.R. 702(C), which requires, for admissibility, that:

"(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:

"(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;

"(2) The design of the procedure, test, or experiment reliably implements the theory;

"(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result."

*Daubert* determined that expert testimony is admissible only if it is both reliable and relevant, and concluded that the trial judge has the task of ensuring that an expert's testimony meets both aspects of admissibility. Here, pathology is a recognized specialty in the practice of medicine, and the causation principles plaintiff sought to apply in her testimony are those generally applied in the medical determination of causation. Given the relevancy of expert causation testimony in this case, plaintiff's testimony on causation would not offend the parameters outlined in *Daubert.*

State Auto next contends that the Ohio Supreme Court's opinion in *Scott v. Yates* (1994), 71 Ohio St.3d 219, 643 N.E.2d 105, supports the trial court's determination. In that case, plaintiff filed a motion to preclude the investigating officer, who did not witness the accident, from testifying to who caused the collision at issue. The trial court ruled that the officer was qualified as an expert and could render an opinion in that regard, and the court of appeals affirmed. The Ohio Supreme Court reversed, concluding that although the officer's qualification to collect data at the accident scene and his ability to testify to his observations were undisputed, the officer was not a qualified expert in accident reconstruction. Specifically, the officer admitted that he was unfamiliar with the theory of conservation of momentum and did not know how it might affect the post-impact course of motor vehicles involved in a crash. Acknowledging the difference between investigating an accident and reconstructing one, he further admitted that he was not an accident reconstructionist and had never conducted an accident reconstruction. Given those admissions, the Ohio Supreme Court concluded that he did not possess the necessary knowledge or expertise to testify about who had caused the collision.

By contrast, plaintiff here is a medical doctor who testified to the requisite knowledge and qualifications for rendering an opinion on causation. As plaintiff explained, "in causation, you're putting together the event which has a history, and then what the manifestations of that event are. Any physicians who have studied the basic premises of medicine should be able to do that. What is special to the specialties are the special procedures that are found and practiced within that arena." Had plaintiff been a general practitioner and been asked to testify to matters within the particular expertise of the pathologist, the admissibility of

her testimony would have been more questionable.  Cf. *Scott v. Yates*.  Here, however, the reverse is true:  plaintiff, a pathologist, was being asked to testify to matters within the general knowledge of a licensed medical doctor.  The trial court erred in precluding her from testifying to the issue of causation.

■   The more difficult issue is whether plaintiff was prejudiced by the trial court's ruling.  Plaintiff's counsel admitted at the proceedings before the trial court that plaintiff had another expert witness who would testify on the issue of causation.  Given that additional testimony, ordinarily we would find the trial court did not prejudice plaintiff in precluding her testimony on the same subject.

Under the unusual circumstances of this case, however, we are compelled to conclude otherwise.  Plaintiff was in the distinctly unique position of being able to testify to precisely all of the injuries she sustained, describing in detail the progression of each, yet able to ascribe to them a causation generally unavailable to lay witness.  The unique combination of her personally experiencing the injury and yet possessing the diagnostic skills to determine the causation and extent of those injuries presents a sufficiently rare combination of factors that plaintiff's inability to relate that information to the jury was prejudicial.  Accordingly, we sustain plaintiff's single assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., and TYACK, J., concur.