DECISION
Nancy Dillon, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas granting a motion for summary judgment in favor of University Optical and Tim McNemar, defendants-appellees.
In her complaint filed on August 4, 1998, appellant alleges that in 1991 she requested replacement eyeglass lenses from University Optical. Appellant claims that at the time, she had one "good eye" and one "poor eye." Appellant stated that University Optical, through its licensed optician, Tim McNemar, "negligently breached [their] duty by failing to provide [appellant] with eyeglass lens [sic] which would protect [appellant's] good eye and poor eye from ultraviolet rays from sunshine and/or other lights." Appellant further claims she did not discover the alleged negligence until November 1996. Appellant contends she developed progressive cataracts and narrow closure glaucoma as a result of exposure to ultraviolet rays, which she claims would have been blocked if appellees had not been negligent in prescribing the proper eyeglass lenses for her.
On April 7, 2000, appellees filed a motion for summary judgment. Appellees argued their motion should be granted because appellant "cannot produce expert testimony which demonstrates that [appellees] breached a duty to [appellant], or that any alleged breach was the proximate cause of [appellant's] injury." Included in their motion was an affidavit from McNemar, who stated appellant's "original prescription for eyeglasses did not have UV protection and the prescription for replacement lenses did not include UV protection." McNemar also stated that at that time, he gave appellant clip-on sunglasses with UV protection at no charge.
On August 9, 2000, the trial court granted appellees' motion for summary judgment. The court held that the standard of care and skill of an optician is not within the comprehension of a layperson requiring mere common knowledge to understand. The court found appellant was required to produce expert testimony to establish the standard of care and alleged breach of appellees. The court reviewed the affidavits appellant submitted in her memorandum opposing appellees' motion and found that none of the affidavits satisfied appellant's burden of producing expert testimony concerning any breach that was the proximate cause of her injury. The court also disputed appellant's claim that she was qualified to be an expert witness. Appellant appeals the trial court's decision, presenting the following five assignments of error:
 I. The Court of Common Pleas committed reversible error in granting summary judgment in favor of University Optical and optician Tim McNemar because the Appellees optical dispensary and optician were not entitled to judgment as a matter of law and the case presented genuine issues of material fact that demand jury resolution.
 II. The Court of Common Pleas committed reversible error in granting summary judgment in favor of Appellees University Optical and optician Tim McNemar by stating that they made "replacement lenses for eyeglasses" when in fact they were making new complete glasses, including selling the frames, for a consumer with a serious medical risk to the effects of UV damage and who requested polycarbonate protective lenses, a "standard of care" for The Ohio State College of Optometry for all one-eyed patients.
 III. The Court committed reversible error by stating that the Appellant didn't supply expert testimony and by stating that the Appellant herself cannot be considered an expert regarding UV damage and cataract when such knowledge is commonplace and understandable to the majority of the public.
 IV. The Court committed reversible error by stating that the Appellant did not provide any evidence in the form of expert testimony that Defendants' conduct was the proximate cause of Appellant's alleged injuries.
 V. The Court committed reversible error by concluding that there are no genuine issues of material fact in that only a trial can determine whether the negligence of the Appellee was the proximate cause of Appellant's injuries.
Appellant argues in her third and fourth assignments of error that the trial court committed reversible error when it held that she failed to provide sufficient expert testimony to support her claim of negligence against appellees. Appellant similarly argues in her first and fifth assignments of error that the trial court committed reversible error when it concluded there were no issues of material fact. Because of the similarity of these issues, and since appellant argued these issues together in her brief, we address them together.
Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370; McDonald v. Miller (Mar. 29, 2001), Franklin App. No. 00AP-994, unreported.
Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the non-moving party. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Hannah v. Dayton Power Light Co. (1998),82 Ohio St.3d 482, 485. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Baker v. The Buschman Co. (1998), 127 Ohio App.3d 561, 566.
The initial burden lies with the movant to inform the trial court of the basis for the summary judgment motion and to identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claims. CSS Publishing Co., Inc. v. American Economy Insurance Co. (2000),138 Ohio App.3d 76, 82, following Dresher v. Burt (1996),75 Ohio St.3d 280, 293. If the moving party has satisfied its initial burden, the non-moving party has a reciprocal burden. Dresher, at 293. When "a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
In the present case, appellant made attempts to establish appellees were negligent in preparing new eyeglasses lenses for her. Appellant claims appellees' failure to add an ultraviolet protective coating to her lenses caused her to develop cataracts and glaucoma. A plaintiff "must present expert testimony on the issue of proximate cause when the causal connection between the negligence and the injury is beyond the common knowledge and understanding of the jury." Greene v. Marchyn (Sept. 27, 2000), Scioto App. No. 99 CA 2662, unreported. The connection between wearing non-ultraviolet protective lenses and developing cataracts and/or glaucoma, because of appellant's special eyesight condition, is not an area that is considered within the common knowledge and understanding of a jury. Therefore, it was necessary that appellant present expert testimony in order to establish a causal connection between appellees' alleged negligence and her alleged damages.
"If expert testimony is required to establish proximate cause, it must establish a probability and not mere possibility of the causal connection." Mokros v. Conrad (Oct. 29, 1999), Monroe App. No. 802, unreported. Appellant attempted to introduce expert testimony in her memorandum opposing appellees' motion for summary judgment by attaching letters written by doctors. A review of these letters shows none of the doctors stated appellant's alleged injuries were caused by appellees' alleged negligence. For example, Dr. James M. Falko wrote "I can't find any reason (Internal Medicine) for patient's cataracts." Additionally, the letters from the doctors could not be considered as evidence by the court. Civ.R. 56(C) states that "[n]o evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(E) states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Additionally, some of the letters are incomplete, do not have signatures, and even fail to identify the name of the doctor writing the letter.
The only affidavit submitted by appellant in her memorandum opposing appellees' motion for summary judgment was her own affidavit, which states:
 Based upon my studies, extensive research, and consultations with authorities, and the optical facts of the lenses in question, and based upon my knowledge of my medical history and environmental exposures, it is my opinion that ultra violet light is the probable cause of [my] corneal changes, sclera degeneration, and bilateral posterior cataracts and that proper, readily available, inexpensive, invisible UV protection, routinely and regularly used in 1991 by opticians everywhere would have been a preventive to this damage. The lack of UV protection caused preventable damage to [my] lenses and the development of PSC cataract.
The trial court did not consider appellant's affidavit as expert testimony evidence, stating that "[d]espite [appellant's] assertions, the Court does not agree with [appellant] that she herself qualifies as an expert, based on the fact that she has had considerable exposure to PSC cataracts as a victim." As stated by appellees in their brief, appellant "is not a licensed optician, nor is she a licensed physician in the State of Ohio or any other state. * * * [Appellant] cannot simply educate herself by obtaining hearsay statements and then claim personal knowledge."
Whether testimony is to be admitted as expert testimony is within the broad discretion of the trial court, and that decision will not be disturbed absent an abuse of discretion. Ayers v. Debucci (2000),137 Ohio App.3d 145, 148. After having reviewed appellant's affidavit, we find the trial court did not abuse its discretion when it concluded appellant's affidavit did not qualify as expert testimony evidence. Therefore, without expert testimony to establish the element of causation, we find appellant failed to produce sufficient evidence to set forth specific facts showing a genuine issue for trial. Accordingly, we also find the trial court did not err when it sustained appellees' motion for summary judgment. Appellant's first, third, fourth, and fifth assignments of error are overruled.
Appellant argues in her second assignment of error that the trial court committed reversible error by stating appellees made "replacement lenses for eyeglasses." Appellant claims the trial court should have stated that appellees were making "new complete glasses, including selling the frames, for a consumer with a serious medical risk to the effects of UV damage and who requested polycarbonate protective lenses, a `standard of care' for The Ohio State College of Optometry for all one-eyed patients."
Since an optician must be certified and licensed pursuant to R.C.4725.41, appellant may have been required to provide expert testimony concerning McNemar's standard of care unless his actions were within the common knowledge and understanding of the jury. "When the alleged negligence involves the professional skill and judgment of a physician, proof of medical malpractice requires evidence of the pertinent recognized standard of care within the medical community, breach of that standard of care by the defendant, and proximate cause between the medical negligence and the injury sustained." Schirmer v. Schneider (Jan. 24, 2000), Clermont App. No. CA99-05-053, unreported. However, even if expert testimony was not required concerning McNemar's standard of care, as stated previously, appellant failed to provide sufficient evidence to establish any alleged negligence by appellees caused her damage. Therefore, since appellant failed to prove the element of causation, the trial court did not err when it sustained appellees' motion for summary judgment. Appellant's second assignment of error is overruled.
Accordingly, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _______________ BROWN, J.
BRYANT, P.J., and BOWMAN, J., concur.