OPINION
Appellant, Wayne Nieminen,[1] appeals from a $50,000 judgment of the Ashtabula County Court of Common Pleas, in his favor and against appellee, Claudia Leek.
On October 7, 1996, appellant was in his automobile, stopped at a traffic light, when his car was struck from behind by an automobile driven by appellee. Appellant was taken to the hospital after the collision, where he was X-rayed and released. Later, appellant went to his family doctor, complaining of back pain. This doctor prescribed pain medications for appellant's back pain. Over the course of the next several years, appellant was treated by a string of physicians for back and neck pains, which appellant claims are the result of the October, 7, 1996 collision. This treatment included surgery to remove disks from appellant's neck, as well as many visits to neurologists and pain management specialists.
Appellant filed suit against appellee demanding over $140,000 in medical bills, plus past and future lost wages, pain and suffering, and loss of consortium for appellant's wife. At trial appellee did not contest liability but did contest the allegation that the collision was the cause of the entirety of appellant's medical problems.
At trial, appellant brought seven physicians as expert witnesses. These witnesses testified that appellant's injuries were all caused by appellee's October 7, 1996 collision with appellant. Appellee introduced three physicians, two of whom had performed independent medical examinations and had reviewed appellant's medical records. The third physician was one of appellant's treating physicians. Appellee's expert witnesses testified that the collision had only caused soft tissue injury to appellant, and that he had recovered from those injuries within one month of the collision.
The jury returned a verdict for appellant in the amount of $50,000, $10,000 of which was for medical expenses, $30,000 for pain and suffering, and $10,000 for appellant's wife's loss of consortium claim.
Appellant raises the following assignments of error:
 "[1.] The verdict and award for damages issued by the jury was against the manifest weight of the evidence.
 "[2.] The trial court committed plain error by allowing the testimony regarding Appellant's past sexual indiscretions.
 "[3.] The trial court erred in permitting highly prejudicial testimony regarding the sexual indiscretions of the Appellant which were wholly unrelated to the matter before the court.
 "[4.] The trial court erred in qualifying Appellee's witness, Dr. Ahmed Elghazawi, M.D. as an expert under Ohio Rule of Evidence 702.
 "[5.] The trial court erred in overruling Appellants' motion for a new trial as the verdict and the award for damages issued by the jury were against the manifest weight of the evidence."
 Appellant's first and fifth assignments of error will be addressed together, as they both concern whether the jury's verdict and award of damages were against the manifest weight of the evidence. In appellant's first assignment of error, he argues that the damages awarded by the jury were so far below appellant's claimed damages that they were against the manifest weight of the evidence.
This court has stated that:
 "[i]n order to set aside a jury award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the jury verdict `is so disproportionate as to shock reasonable sensibilities and indicates that the jury lost its way in assessing compensatory damages.' Bailey v. Allberry (1993), 88 Ohio App.3d 432, 437, 624 N.E.2d 279. Additionally, a reviewing court may grant a new trial on all or part of the issues when the judgment is contrary to law. Civ.R. 59." Wigglesworth v. St. Joseph Riverside Hosp. (2001), 143 Ohio App.3d 143, 148.
 In the case sub judice, there was competent credible evidence, presented by appellant's seven medical experts, to support his position that the October 7, 1996 collision was the cause of all of his medical problems, and of all his claimed damages. There was, however, competent, credible evidence, brought by appellee's three medical experts, to show that any injury that the collision caused appellant had healed within one month of the collision, that any ongoing medical problems were the result of a pre-existing degenerative condition, and that there was no reason that appellant could not return to work.
"[W]here the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Myers v. Garson
(1993), 66 Ohio St.3d 610, 614. Here, appellee disputed the extent to which she was liable for appellant's damages. Competent, credible evidence was introduced through expert witnesses which could have supported a verdict for either appellant or appellee. In addition, appellant's own testimony contained many inconsistencies which could have influenced the jury in making its conclusions.
The jury weighed the credibility of the witnesses presented, and concluded that only $50,000 of appellant's claimed damages were attributable to appellee's actions. This court will not disturb the jury's determination of the credibility of witnesses on appeal. Thus, appellant's first assignment of error is without merit.
In appellant's fifth assignment of error, he claims that the trial court erred by not ordering a new trial, because the jury's award of damages was against the manifest weight of the evidence. Based on our finding, above, that the jury's damages award was not against the manifest weight of the evidence, appellant's fifth assignment of error is without merit.
We will consider appellant's second and third assignments of error together, since they both concern the admissibility of testimony relating to appellant's sexual indiscretions.
Appellant filed a motion in limine to exclude any reference at trial to his sexual indiscretions. The trial court denied this motion, and, at trial, appellee introduced, over appellant's objection, testimony regarding appellant's sexual indiscretions from appellant's treating psychologist, and from appellant himself.
Appellant first claims that the trial court's admission of the evidence was plain error. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, syllabus.
The first deficiency in appellant's claim of plain error is that appellant did object to the introduction of the evidence at the trial court, both before trial, in the motion in limine, and during the trial proceedings themselves. Additionally, the admission of evidence of appellant's sexual indiscretions does not rise to the level of the extremely rare case that is so serious as to undermine public confidence in the legal system. For these reasons, the trial court did not commit plain error by admitting evidence of appellant's sexual indiscretions.
Appellant also argues that the evidence of his sexual indiscretions should not have been admitted because it was not relevant and its probative value was outweighed by its prejudicial effect. "The decision of whether or not to admit evidence rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion."Wightman v. Consolidated Rail Corp. (1999), 86 Ohio St.3d 431, 437citing Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296,299. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Appellant claims that, as a part of his injuries resulting from the October 7, 1996 collision, he suffered from chronic depression. Appellant's psychologist testified on cross-examination that marital problems can be a stressor that can cause depression. Evidence of appellant's sexual indiscretions is thus relevant to the determination of whether appellant's depression was caused by appellee or by ongoing marital difficulties.
Relevant evidence may be excluded, however, if "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). "The issue of whether testimony or evidence is relevant or irrelevant, confusing or misleading, is best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury."Renfro v. Black (1990), 52 Ohio St.3d 27, 31. While this evidence is clearly prejudicial to appellant, it is also probative of an important fact at issue in this case. As such, the prejudicial effect of the testimony does not substantially outweigh the probative value of the evidence, confuse the issues, or mislead the jury.
For the reasons above, we cannot say that the court's decision to admit evidence of appellant's sexual indiscretions was an abuse of discretion. Thus, appellant's second and third assignments of error are without merit.
In appellant's fourth assignment of error, he argues that the trial court erred in qualifying appellee's expert, Dr. Ahmed Elghazawi, as an expert witness, and that the testimony given by Doctors Elghazawi and Brooks was not reliable and relevant under Evid.R. 702(C).
Under Evid.R. 702(B), an expert witness must be "qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony[.]" The trial court's determination that a witness is qualified as an expert is within the court's discretion, and will not be overturned absent an abuse of discretion. State v. Baston (1999), 85 Ohio St.3d 418, 423.
Appellant contends that Dr. Elghazawi was not qualified to testify as an expert because he is only certified as an internal medicine doctor in pain management, and not as an orthopedic specialist, a neurologist, or a psychiatrist. "Neither special education nor certification is necessary to confer expert status upon a witness. The individual offered as an expert need not have complete knowledge in the field in question, as long as the knowledge she possesses will aid the trier-of-fact in performing its fact-finding function." Id. (Internal citations omitted).
Under Ohio law, outside of the arena of physicians testifying as to the standard of care for a specialist in a medical malpractice case, any doctor licensed to practice medicine is competent to testify on medical issues, and the doctor's specialty bears upon the weight, not the admissibility of the evidence. Rouse v. Riverside Methodist Hosp. (1983), 9 Ohio App.3d 206, 212; Ayers v. Debucci (2000),137 Ohio App.3d 145, 149.
In the case sub judice, Dr. Elghazawi testified that he was board certified in pain management, forensic examination, and independent medical examination. He also testified that, in his practice as a pain management specialist, he had treated patients with lumbrosacral strains, chronic pain, and depression resulting from chronic pain. This level of expertise is clearly sufficient for the trial court to have found that Dr. Elghazawi was qualified to testify as an expert. Thus, the trial court did not abuse its discretion in qualifying Dr. Elghazawi to testify as an expert in this case.
Appellant also argues that the testimony given by appellee's witnesses, Doctors Elghazawi and Brooks, was not relevant and reliable as required by Evid.R. 702(C).
In Ohio, in order for scientific evidence to be admitted, it must be reliable and "must assist the trier of fact in determining a fact issue or understanding the evidence." Miller v. Bike Athletic Co. (1998),80 Ohio St.3d 607, 611, following Daubert v. Merrell DowPharmaceuticals, Inc. (1993), 509 U.S. 579. The focus of the reliability question is whether the methods used by the expert are based upon scientifically valid principles, not whether his conclusions are correct. Id. at paragraph one of the syllabus. In determining whether an expert's methods are scientifically valid, the court should look at"(1) whether the theory or technique has been tested, (2) whether it has been subjected to peer review, (3) whether there is a known or potential rate of error, and (4) whether the methodology has gained general acceptance."Miller at 611.
Both Dr. Elghazawi and Dr. Brooks testified that they based their opinions on an independent medical examination of appellant. Both doctors also testified that they reviewed appellant's medical records in detail in coming to their conclusions. Here, the principles used by appellant's experts in forming their opinions are those generally applied in the formation of any medical opinions.
Appellant argues that appellee's experts' opinions are not reliable because neither expert spoke personally with appellant's treating physicians and that Dr. Elghazawi reviewed the radiologist's report of appellant's MRI rather than looking at the MRI itself. It was not an abuse of discretion, however, for the court to conclude that it is not necessary for physicians reviewing medical records to speak to the treating physicians before forming an opinion. The purpose of medical records is to be a complete record of a physician's observations, diagnoses, and treatments of a patient. In addition, it is not an abuse of discretion to conclude that a physician may rely on a radiologist's report of an MRI.
Given the relevancy of expert opinion in the issue of causation of appellant's medical problems to the case sub judice, and the reliability of the experts' methods, we conclude that the trial court did not abuse its discretion in allowing appellee's experts to testify. Appellant's fourth assignment of error is without merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'NEILL, P.J., GRENDELL, J., concur.
[1] Wayne Nieminen and his wife, Theresa Nieminen, are both named plaintiffs and appellants; however, for simplicity sake we will refer to Wayne Nieminen as appellant.